UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY KAY HIGGS, | CASE NO. 1:17CV1502 |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| v. | Magistrate Judge George J. Limbert |
| NANCY A. BERRYHILL[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Defendant. | |

Plaintiff Kimberly Kay Higgs ("Plaintiff") requests judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") denying her application for Disability Insurance Benefits ("DIB"). ECF Dkt. #1. In her brief on the merits, filed on October 25, 2017, Plaintiff asserts that the administrative law judge ("ALJ"): erred by failing to acknowledge a new medical condition at step two; issued a residual functional capacity ("RFC") finding that was not supported by substantial evidence; and erred by relying on the vocational expert's ("VE") testimony. ECF Dkt. #12. Defendant filed a response brief on November 21, 2017. ECF Dkt. #13. Plaintiff filed a reply brief on December 5, 2017. ECF Dkt. #14.

For the following reasons, the undersigned RECOMMENDS that the Court AFFIRM the ALJ's decision and dismiss Plaintiff's case in its entirety with prejudice.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for DIB on April 29, 2014, alleging a period of disability beginning on September 14, 2009. ECF Dkt. #11 ("Tr.") at 10.[2] The application was denied initially and upon reconsideration. *Id.* at 76, 90-94, 99-105. Plaintiff then requested a hearing,

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed as a .PDF, rather than the page numbers assigned by the CM/ECF system. When the Transcript was filed the .PDF included an index, with the indexed pages differentiated from the numerical pages. Accordingly, the page number assigned in the .PDF mirrors the page number printed on each page of the Transcript, rather than the page number assigned when the Transcript was filed in the CM/ECF system.

which was held on February 5, 2016. *Id.* at 24. On March 28, 2016, the ALJ issued a decision denying Plaintiff's claim. *Id.* at 7. In the decision, the ALJ noted that he was obligated to adopt the findings of the prior ALJ since there was no new or material evidence showing cause to disrupt those findings. *Id.* at 10. Subsequently, the Appeals Council denied Plaintiff's request for review. *Id.* at 1. Accordingly, the March 28, 2106, decision issued by the ALJ stands as the final decision.

The instant suit was filed by Plaintiff on July 17, 2017. ECF Dkt. #1. On October 25, 2017, Plaintiff filed a brief on the merits. ECF Dkt. #12. Defendant filed a response brief on November 21, 2017. ECF Dkt. #13. Plaintiff filed a reply brief on December 5, 2017. ECF Dkt. #14.

## II.     RELEVANT MEDICAL AND TESTIMONIAL EVIDENCE

### A.     Medical Evidence

In March 2013, Emad W. Daoud, M.D., Ph.D., diagnosed Plaintiff with visceral pain and prescribed medication. Tr. at 330. Dr. Daoud informed Plaintiff that other treatment options, including a possible therapeutic nerve block, could be considered if the medication was not helping. *Id.* On September 11, 2014, Plaintiff visited Khalid Darr, M.D., for a consultative examination. *Id.* at 343. Dr. Darr opined that Plaintiff's hearing, speech, and sight were within normal limits, and that her upper extremity functioning was intact. *Id.* at 346. Continuing, Dr. Darr indicated that Plaintiff did not require an ambulatory aid and that she was able to push, pull, and manipulate objects. *Id.* Dr. Darr also noted that Plaintiff was able to climb stairs and operate hand and foot controls, and that she could drive a car and had no limitations in lifting and carrying. *Id.* It was further noted by Dr. Darr that Plaintiff had a history of ulcerative colitis and experienced irritable bowel syndrome ("IBS"). *Id.*

On December 1, 2014, Michael Lehv, M.D., a state-agency medical consultant, reviewed the evidence of record and found no new and material evidence showing cause to change the RFC determination made by the prior ALJ. *Id.* at 84-86. Accordingly, Dr. Lehv opined that Plaintiff could perform at a medium level of work activity. *Id.* On December 9, 2014, Paul Tangeman, Ph.D., a state-agency psychological consultant, reviewed the evidence and found that

-2-

there was no new and material evidence to warrant changing the prior ALJ's RFC finding. *Id.* at 86-87. Dr. Tangeman stated that Plaintiff was limited to tasks in a static environment with no strict production quotas and where contact with others was occasional and superficial. *Id.*

In February 2015, Jessica R. Philpott, M.D., Ph.D., examined Plaintiff and found that she was well developed and well nourished. Tr. at 353. An examination of Plaintiff's abdomen showed normal bowel sounds and that the abdomen was flat with no distenstion, soft, and non-tender, and without hepatomegaly, palpable masses, abdominal bruits, rebound, or rigidity. *Id.* Dr. Philpott assessed IBS and Vitamin D deficiency, and noted that Plaintiff's most recent colonoscopy appeared normal except for mild colitis. *Id.* Additionally, Dr. Philpott continued Plaintiff's medications "as she [was] doing well." *Id.* Dr. Philpott also wrote a letter stating that she has treated Plaintiff for IBS and mild colitis, and that Plaintiff had "intermittent bouts of symptoms that [were] not predictable and result in her being homebound during the events." *Id.* at 362. Continuing, Dr. Philpott stated that Plaintiff's condition "impacts significantly her ability to be employed or functional in other pursuits." *Id.*

### B. Testimonial Evidence

A hearing was held before the ALJ on February 5, 2016, with Plaintiff and her attorney present. Tr. at 26. A VE also participated by telephone. *Id.* Upon examination by the ALJ, Plaintiff testified that she had a driver's license and drove, but that she rode to the hearing with her attorney. *Id.* at 31. Continuing, Plaintiff stated that she had a GED and that she had not worked since the decision of the prior ALJ. *Id.* Plaintiff's attorney indicated that he had no objection to the ALJ adopting the prior ALJ's decision regarding Plaintiff's past work history. *Id.* The ALJ then stated that there were three past relevant jobs, namely, cafeteria cashier, medical records clerk, and administrative assistant. *Id.* at 32.

When asked what prevented her from working, Plaintiff testified that she had daily pain, occasional rectal bleeding, chronic headaches, and stomach spasms. Tr. at 33. The ALJ then asked Plaintiff if there had been any change in her condition since the prior ALJ's decision. *Id.* Plaintiff stated that her symptoms were stronger in intensity and more frequent. *Id.* The ALJ then asked how Plaintiff's symptoms impacted her physical limitations. *Id.* at 33-34. Plaintiff

-3-

indicated that she needed access to hygiene due to the rectal bleeding, which occurred frequency, and that she needed to lay down for a period of a few minutes to a couple of hours to stop the bleeding. *Id.* at 34. Continuing, Plaintiff stated that the bleeding episodes occurred two to four or five times per month, and that the bleeding episodes occurred once or twice per month in 2014. *Id.*

Plaintiff was then examined by her attorney. Tr. at 34. Upon examination, Plaintiff explained that her bleeding episodes became more frequent after the prior ALJ's decision and still more frequent after 2014, and that the timing of the episodes was totally unpredictable. *Id.* at 34-35. The ALJ then asked Plaintiff about her activities on a typical day. *Id.* at 37. Plaintiff testified that she: woke with her husband in the morning and they talked and watched or listened to the news while she sat in a recliner or on the couch; talked with family or friends online; and performed light housework such as laundry, cooking, and cleaning. *Id.*

Next, that ALJ examined the VE. Tr. at 37. The ALJ asked the VE to consider a hypothetical individual of Plaintiff's age and education level with her prior relevant work that was limited to work at a medium exertional level with the following additional limitations: occasionally climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; avoid even moderate exposure to hazardous height and hazardous machines; a bathroom on the premises; and a static environment with no strict production quotas and where contact with others is occasional and superficial. *Id.* at 37-38. The VE testified that the hypothetical individual could perform Plaintiff's past work as a medical records clerk. *Id.* at 38. Continuing, the VE stated that there were other jobs that Plaintiff could perform, including custodian, dishwasher, and other labor positions. *Id.* at 39-40. The ALJ then added the limitation that the hypothetical individual would be off task for fifteen percent of the workday, and the VE indicated that this additional limitation would preclude full-time competitive employment. *Id.* at 40. Returning to the first hypothetical individual, the ALJ added the limitation that the individual would miss 2.5 days per month, and the VE stated that this limitation would rule out full-time competitive employment. *Id.* at 41. Plaintiff's attorney then indicated that there were no questions for the VE and the ALJ concluded the hearing. *Id.* at 41-42.

**III.     RELEVANT PORTIONS OF THE ALJ'S DECISION**

After a brief summary of the administrative proceedings in this case, the ALJ stated that the record contained a decision adverse to Plaintiff that was issued on November 1, 2013, by the prior ALJ. Tr. at 10.  The ALJ indicated that the prior ALJ determined that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that [Plaintiff] has the [RFC] to perform medium work as defined in 20 CFR 404.1567(C) except [Plaintiff] is limited to occasional climbing of ramps or stairs and cannot climb ladders, ropes, or scaffolds, must avoid even moderate exposure to hazardous height and hazardous machines and [Plaintiff] requires work where there is a bathroom on the premises.  [Plaintiff] is further limited to tasks in a static environment with no strict production quotas and where contacts with others are occasional and superficial.

*Id.* (citing Tr. at 51).  Continuing, the ALJ stated that the prior ALJ also found that Plaintiff was capable of performing past relevant work as a cafeteria cashier, medical records clerk, and administrative assistant, and that these jobs did not require the performance of work-related activities precluded by Plaintiff's RFC.  *Id.* (citing Tr. at 9).  The ALJ then stated that he was obliged to adopt the findings of the prior ALJ absent any new or material evidence, and, therefore, did not disturb the findings of the prior ALJ as no new or material evidence existed in the record.  *Id.*

Moving to the sequential evaluation, the ALJ first found that Plaintiff met the insured states requirements of the Social Security Act on December 31, 2013.  Tr. at 13.  The ALJ then stated that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of September 14, 2009, through the date last insured of December 31, 2013. *Id.*  Continuing, the ALJ found that, through her date last insured, Plaintiff had the following severe impairments: IBS, gastritis, hypothyroidism, depression, and anxiety.  *Id.*  The ALJ then determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*

After consideration of the record, the ALJ found that, through the date last insured, Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) with the

-5-

following additional limitations: occasionally climbing ramps or stairs; never climbing ladders, ropes, or scaffolds; avoid even moderate exposure to hazardous height and hazardous machines; a bathroom on the premises; and a static environment with no strict production quotas and where contact with others is occasional and superficial. *Id.* at 15. The ALJ then determined that, through the date last insured, Plaintiff was capable of performing past relevant work as a medical records clerk and that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. *Id.* at 18. For these reasons, the ALJ found that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from September 14, 2009, the alleged onset date, through December 31, 2013, the date last insured.[3] *Id.* at 20.

## IV. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

---

[3]The relevant period for consideration in this case is from November 2, 2013, the day after the prior ALJ's decision, through December 31, 2013, the date Plaintiff's insured status expired. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); 20 C.F.R. § 404.130.

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## V. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted)). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (citations omitted).

## VI. LAW AND ANALYSIS

Plaintiff asserts that the ALJ failed to follow the applicable regulations when evaluating and weighing the medical evidence including the new diagnosis of visceral pain, and claims that this new diagnosis "would have changed the previous ALJ's RFC finding of medium work."

-7-

ECF Dkt. #12 at 7.  Additionally, Plaintiff avers that "the ALJ's RFC finding of medium work and ability of Plaintiff to perform medium work is erroneous and lacks substantial evidence given that Plaintiff's past relevant jobs were performed at the light and sedentary level."  *Id.*  Plaintiff also asserts that the ALJ failed to adequately account for her frequent and unpredictable rectal bleeding episodes, visceral pain, anxiety, and moderate limitation in concentration, persistence, or pace in the hypothetical posed to the VE.  *Id.*  Each of Plaintiff's arguments will be addressed in turn.

### A. **Severe Impairments and RFC Finding**

Plaintiff first asserts that she had a new-patient visit with Dr. Daoud on March 13, 2013, prior to the hearing held by the prior ALJ on July 30, 2013.  ECF Dkt. #12 at 7.  Continuing, Plaintiff's counsel states that he was unaware of this visit and Plaintiff was "most likely unaware of the impact this new medical information had on her RFC and did not make council [sic] aware of the visit as the physician offered minimal advise [sic] to Plaintiff."  *Id.*  Plaintiff asserts that this new and material evidence would have changed the prior ALJ's RFC finding.  *Id.*  Next, Plaintiff discussed visceral pain, noting that the condition also contributes to economic burdens associated with lost workdays and productivity, and has a "considerable negative impact on lives with psychological distress, disturbance of work and sleep, and sexual dysfunction."  *Id.* at 8 (internal citation omitted).  Plaintiff then states that the current ALJ made an administrative error at step two of the sequential evaluation by not including visceral pain as a severe impairment.  *Id.*  Additionally, Plaintiff claims that had visceral pain been included as a severe impairment, "[s]tep four and [s]tep five would have included the limitation of her inability to meet the physical limitations of medium, light, and sedentary work."  *Id.*  Further, Plaintiff states that she is not able to sit comfortably for six hours in an eight-hour workday as required for sedentary work.  *Id.*

Defendant contends that substantial evidence supports the ALJ's evaluation of Plaintiff's impairments, severe and non-severe.  ECF Dkt. #13 at 6.  Specifically, Defendant asserts that substantial evidence supports the ALJ's finding that Plaintiff's visceral pain was not severe.  *Id.* at 7.  Defendant states that Plaintiff has the burden of showing that an impairment is severe and

met the twelve-month requirement of the Social Security Act. *Id.* (citing *Harley v. Comm'r of Soc. Sec.*, 485 F. App'x 802, 803 (6th Cir. 2012)). Continuing, Defendant notes that although Plaintiff was diagnosed with visceral pain in March 2013, she admits that she was not aware of any impact the condition had on her RFC, and that she did not allege that the condition was contributing to or causing her disability when filing her new application for benefits, which suggests that her condition was not significantly limiting. *Id.* (citing Tr. at 163). Defendant also avers that Plaintiff did not produce any evidence from a medical professional that opined she would have additional limitations due to this condition. *Id.*

Further, Defendant states that while Dr. Daoud diagnosed Plaintiff with visceral pain in March 2013, she was provided Tramadol to treat her condition and Dr. Daoud stated that if the medication was not helping other treatment options could be considered. Tr. at 8. Defendant notes that on February 20, 2015, Dr. Philpott, one of Plaintiff's treating physicians, reported that Plaintiff was doing well with her medication. *Id.* Further, Defendant states that there was no evidence that Plaintiff sought other treatment procedures for visceral pain. *Id.* On this basis, Defendant asserts that the record reflects that Plaintiff's visceral pain was non-severe because it was controlled with medication and no doctor found her specifically limited due to the condition. *Id.* Additionally, Defendant states that the ALJ considered all of Plaintiff's impairments, severe and non-severe, when rendering the decision. *Id.* at 8-9.

Plaintiff's argument is without merit. As an initial matter, Plaintiff did not allege that visceral pain was contributing to or causing her disability when filing her application for benefits. Tr. at 163. Further, Plaintiff states that she "was most likely unaware" of the impact her visceral pain had on her RFC and did not mention the condition to her attorney after her March 2013 visit to Dr. Daoud. *See* ECF Dkt. #12 at 7. Moreover, Plaintiff fails to cite any medical or opinion evidence from a medical professional showing that her visceral pain would cause the alleged symptoms. *See id.* at 7-8. In fact, the medical evidence suggests that Plaintiff's visceral pain was controlled with her medication as she informed Dr. Daoud that she "was satisfied with the [T]ramodol but if things get worse, she may consider the nerve blocks." Tr. at 330. Dr. Daoud explained that Plaintiff could seek additional treatment options if the

Tramodol was not satisfactory, yet Plaintiff cites no evidence indicating that she sought further treatment. *See id.* Plaintiff bears the burden of showing that her visceral bleeding was a severe impairment and, here, that burden has not been met. *Harley,* 485 F. App'x at 803. For these reasons, the undersigned recommends that the Court find that the ALJ properly determined Plaintiff's severe impairments and RFC.

### B. Past Relevant Work - Medical Records Clerk

Next, Plaintiff asserts that the ALJ erred at step four of the sequential evaluation when finding that she could perform past relevant work as a medical records clerk and failed "to offer any insight as to why [] Plaintiff's past relevant work qualified as past relevant work under the regulations." ECF Dkt. #12 at 8. Plaintiff states that although the VE testified that the hypothetical individual with the RFC that the ALJ adopted would be able to perform work as a medical records clerk, "[t]here is nothing in the hearing transcript that explains why the VE found that [] Plaintiff's past work could be performed as she performed it." *Id.* at 9. Continuing, Plaintiff asserts that she "would be unable to perform her past relevant work given the worsening of her physical and mental limitations." *Id.*

Defendant contends that the ALJ properly determined that Plaintiff could perform her past relevant work and other work that existed in significant numbers in the national economy. ECF Dkt. #13 at 15. Specifically, Defendant states that the ALJ noted that the prior ALJ determined that Plaintiff had several jobs that qualified as past relevant work, including her work as a medical records clerk, and Plaintiff's attorney agreed at the hearing that the prior ALJ's determination regarding Plaintiff's past work was proper. *Id.* Defendant avers that substantial evidence supports the ALJ's determination that Plaintiff could perform work at a medium level and that her condition remained the same as it was when her claim was before the prior ALJ. *Id.* at 16 (citing Tr. at 10, 13-18, 43-56). Continuing, Defendant states that the ALJ agreed with the VE's testimony that Plaintiff could perform work as a medical records clerk and compared Plaintiff's RFC with the physical and mental demands of the job of medical records clerk when finding that Plaintiff could perform the job. *Id.* Defendant asserts that the ALJ properly relied on the VE's testimony at step four to assist in determining whether Plaintiff could perform her

-10-

past relevant work. *Id.* (citing *Griffith v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007)). According to Defendant, Plaintiff did not meet her burden of demonstrating that she was unable to perform her past relevant work and, consistent with the VE's testimony, the ALJ properly found that she could perform her past work as a medical records clerk as it was generally performed. *Id.* at 17.

The argument put forth by Plaintiff fails. Plaintiff claims that the ALJ failed to "offer any insight" as to why Plaintiff's past work as a medical records clerk qualified as past relevant work under the regulations. ECF Dkt. #12 at 8. This claim is belied by the fact that at the administrative hearing the current ALJ unequivocally asked Plaintiff's attorney whether there were any objections to the prior ALJ's decision regarding Plaintiff's past work history, to which Plaintiff's attorney responded in the negative. Tr. at 31-32. The ALJ the indicated that the prior ALJ found that Plaintiff had past relevant work as a cafeteria cashier, medical records clerk, and administrative assistant. *Id.* Again, Plaintiff's attorney did not object. Accordingly, Plaintiff has waived any argument that the ALJ improperly categorized her past work as a medical records clerk as past relevant work under the regulations. Further, the record shows that Plaintiff performed her past relevant work as a medical records clerk as articulated by the *Dictionary of Occupational Titles* ("*DOT*"). Tr. at 54. Plaintiff fails to cite any evidence indicating that her prior work as a medical records clerk was performed in any way other than the manner contemplated in the *DOT*.

Likewise, Plaintiff's contention that VE did not explain the conclusion that her past work could be performed as she actually performed it in the past is without merit. As stated above, Plaintiff's attorney did not object to the ALJ adopting the prior ALJ's determination that Plaintiff's prior work as a medical records clerk constituted past relevant work. After stating that a hypothetical individual with Plaintiff's RFC could perform work as a medical records clerk, the VE indicated that his testimony was consistent with the *DOT*. Tr. at 40. The VE's characterization of medical records clerk, as defined by the *DOT* at 245.362-010, is consistent with the testimony of the VE before the prior ALJ indicating that Plaintiff could perform work as a medical records clerk, as defined by the *DOT* at 245.362-010. Tr. at 32, 54. The fact that

-11-

Plaintiff performed her past relevant work in a manner consistent with the *DOT* is supported by the record and Plaintiff's attorney did not object to the ALJ adopting the prior ALJ's findings as to her past relevant work. Accordingly, the undersigned recommends that the Court find that the ALJ properly determined that Plaintiff could perform her past relevant work as a medical records clerk.

### C. Past Relevant Work - Medium Work

Finally, Plaintiff asserts that the ALJ erred in finding that she had the RFC to perform medium work. ECF Dkt. #12 at 9. Plaintiff states that she alleged a variety of exertional limitations including the inability to: sit for more than sixty minutes before curling up with a heating pad for an hour or more; walk continuously for thirty minutes before sitting or curling up; and stand for more than thirty minutes before sitting or curling up. *Id.* Additionally, Plaintiff indicates that she requires frequent bathroom breaks over and above standard breaks. *Id.* Plaintiff then states that she also suffers from a variety of non-exertional limitations in addition to persistent abdominal pain, and that she "would be unable to meet the physical requirements of medium work as defined by the [Social Security Act] pursuant to Social Security Ruling 83-10." *Id.* at 10.

Continuing, Plaintiff avers that the medium-level jobs listed by the VE and relied upon by the ALJ are inconsistent with the VE's testimony offered during the hearing held on February 5, 2016. ECF Dkt. #12 at 10. Plaintiff states that the description in the *DOT* of the jobs offered by the VE, namely, custodian, dishwasher, cleaner (industrial), kitchen helper, and line-service attendant, conflict with her mental and physical limitations. *Id.* Specifically, Plaintiff indicates that her RFC was limited to: occasionally climbing of ramps or stairs; never climbing ladders, ropes, or scaffolds; avoid even moderate exposure to hazardous height and hazardous machines; work where there is a bathroom on the premises; and work in a static environment with no strict production quotas and where contact with others is occasional and superficial. *Id.* Plaintiff states that the *DOT's* description of line-service attendant was to "service 'aircraft prior to flight . . . fills fuel and oil tanks . . . fills landing gear struts with hydraulic fluid . . . may deice

aircraft wings and assemblies . . . may assist mechanics in repair of aircraft.'" *Id.* (citing *DOT* at 912.687-010).

Defendant asserts that the ALJ properly found that Plaintiff could perform a medium range of work activity and that the ALJ's RFC finding was based on a proper evaluation of Plaintiff's subjective symptoms and medical opinion evidence. ECF Dkt. #13 at 9. Moreover, Defendant states that the ALJ was bound by the RFC finding from the prior ALJ unless the ALJ finds that there is new and material evidence. *Id.* at 10 (citing *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997); Acquiescence Ruling 98-4). According to Defendant, the ALJ found that the lack of objective evidence to support Plaintiff's complaints, lack of mental health evidence, activities of daily living, and subjective medical and opinion evidence were inconsistent with Plaintiff's allegations of disability. *Id.* Defendant also states that, despite Plaintiff's alleged cognitive impairments, the ALJ noted that there was no evidence she underwent counseling or required psychiatric hospitalizations since the prior ALJ's decision. *Id.* at 11.

Regarding Plaintiff's argument that the jobs the ALJ found her able to perform in the national economy are inconsistent with the RFC finding, Defendant acknowledges that the *DOT's* companion publication, the *Selected Characteristics of Occupational Titles*, indicates that the requirements of line-service attendant may be above the abilities of Plaintiff as stated in the ALJ's RFC finding. ECF Dkt. #13 at 18. However, according to Defendant, Plaintiff was also found to be capable of performing work as a kitchen helper and cleaner, and there is no conflict between the jobs of kitchen helper and cleaner as described in the *DOT* and the testimony of the VE. *Id.* Defendant asserts that Plaintiff's ability to return to her past relevant work or the ability to perform either of the jobs of kitchen helper and cleaner are sufficient to support the ALJ's decision. *Id.* (citing *Weiler v. Apfel*, 179 F.3d 1107, 1110 (8th Cir. 1999); 20 C.F.R. §§ 404.1560(b)(3), 404.1571).

Plaintiff's argument fails. The ALJ found that Plaintiff was capable of performing past relevant work as a medical records clerk at step four of the sequential evaluation. Tr. at 18. As such, the ALJ was required to find that Plaintiff was not disabled. 20 C.F.R. §§ 404.1520(e)-(f).

-13-

Here, the ALJ continued and determined, in the alternative, that other jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* at 19. Namely, the ALJ stated that Plaintiff could perform other work as a cleaner (custodian), kitchen helper (dishwasher), and line-service attendant (laborer). *Id.* Plaintiff asserts that the descriptions of these jobs in the *DOT* conflict with Plaintiff's limitations, but then only explains how she believes the job of line-service attendant is inconsistent with the ALJ's RFC finding. *See* ECF Dkt. #12 at 10. Accordingly, Plaintiff fails to explain how the ALJ erred in finding that she was capable of performing work as a cleaner or kitchen helper. More importantly, and as stated above, the ALJ determined that Plaintiff could perform her past relevant work as a medical record clerk - a determination that warrants finding Plaintiff not disabled. Plaintiff has failed to show that the ALJ erred in determining that she could perform past relevant work. Accordingly, any inconsistency in the ALJ's RFC finding and the determination that Plaintiff could perform work as a line-service attendant is harmless since the ALJ had already properly determined at step four that Plaintiff could perform past relevant work. For these reasons, the undersigned recommends that the Court find that the ALJ properly determined that Plaintiff could perform medium work with the additional limitations contained in the ALJ's decision. *See* Tr. at 15.

## VII.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court AFFIRM the ALJ's decision and dismiss Plaintiff's case in its entirety with prejudice.


Date: July 25, 2018                                  */s/George J. Limbert*
                                                                  GEORGE J. LIMBERT
                                                                  UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).